# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SEVERA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. AKANNO, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:11-cv-01691-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>(ECF Nos. 4, 14)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.　Background**

　　Plaintiff Gilbert Severa ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 8, 2011, Plaintiff filed his complaint in the Northern District of California. ECF No. 4. On October 11, 2011, the action was transferred to this Court. On June 13, 2012, in order to better screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court ordered Plaintiff to provide a more definite statement regarding his claims in this action. On June 29, 2012, Plaintiff filed his response to the order. ECF No. 14.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint and More Definite Statement

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants J. Akanno and Chen, medical doctors.

Plaintiff alleges the following. On August 14, 2010, Plaintiff was seen by Defendant Chen for two minutes. Pl.'s Compl. 2. Without x-rays, evaluation, or surgery, Defendant Chen informed Plaintiff that he was going to take Plaintiff off all his pain medication which he received because of a pre-existing injury. *Id.*

Plaintiff has severe chronic back pain. Pl.'s Statement 1. Plaintiff had been in a vehicle accident in 1976. *Id.* at 2. Plaintiff had slipped and fallen while working at Salinas Valley State Prison in 2003. Id. Plaintiff is currently diagnosed with chronic lower back pain. *Id.*

Plaintiff complained to Defendant Akanno on August 31, 2010 that Defendant Chen wanted to remove Plaintiff from his medication. Pl.'s Compl. 2. Defendant Akanno refused to place Plaintiff on proper medication and did not provide evaluation, x-rays, or surgery. *Id.*

Defendant Akanno had refused to provide for surgery because he decided that the surgery would worsen Plaintiff's condition.

Plaintiff requests that he be placed back on proper medication which worked for Plaintiff's pain, or to have back surgery in the alternative. Plaintiff also requests compensatory damages.

### III.  Analysis

The Court construes Plaintiff's claim as one for violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff has sufficiently alleged that he suffers a serious medical need, satisfying the objective prong. *Farmer*, 511 U.S. at 834. However, Plaintiff fails to allege sufficient facts which demonstrate

3

that Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's claims from his complaint and more definite statement indicate that Plaintiff does not allege that he received no medication, but rather that Defendant Chen was going to remove Plaintiff from his "proper" medication, and Defendant Akanno refused to provide Plaintiff with proper medication. However, if alternative medication is adequate and reasonable for the treatment of Plaintiff's pain, then Defendants did not act with deliberate indifference. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."); *Toguchi*, 391 F.3d at 1058 (a difference of opinion between physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need).

Plaintiff also complains of Defendants' failure to provide surgery, as other doctors had recommended. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.3d 240, 242 (9th Cir. 1989).

### IV.    **Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  **July 30, 2012**         /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE