# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SEVERA,<br><br>    Plaintiff,<br><br>  v.<br><br>J. AKANNO AND CHEN,<br><br>    Defendants. | CASE NO. 1:11-cv-01691-DLB PC<br><br>ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 21) |

## I. Background

Plaintiff Gilbert Severa ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 8, 2011, Plaintiff filed his complaint in the Northern District of California. (ECF No. 4.) On October 11, 2011, the action was transferred to this Court. (ECF No. 9.) On June 13, 2012, in order to better screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court ordered Plaintiff to provide a more definite statement regarding his claims in this action. (ECF No. 13.) On June 29, 2012, Plaintiff filed his response to the order. (ECF No. 14.) On July 30, 2012, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 15.) On April 11, 2013, Plaintiff filed a first amended complaint, which is now before the Court for screening. (ECF No. 21.)

  The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
§ 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the
pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting
*Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are
not.  *Id.*

## II.    Summary of First Amended Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California,
where the events giving rise to this action occurred.  Plaintiff names as Defendants J. Akanno
and Chen, medical doctors.

Plaintiff alleges the following.  On August 14, 2010, Plaintiff was seen by Defendant
Chen.  Pl.'s Compl. at 3.  Without x-rays, evaluation, or surgery, Defendant Chen informed
Plaintiff that he was going to take Plaintiff off all his pain medication which he received because
of a pre-existing injury.  *Id.*

Plaintiff complained to Defendant Akanno on August 31, 2010 that Defendant Chen
wanted to remove Plaintiff from his medication.  *Id.*  Defendant Akanno refused to place
Plaintiff on proper medication and did not provide evaluation, x-rays, or surgery.  *Id.*  An
orthopedic neurosurgeon previously prescribed Plaintiff pain medication.  *Id.* at 5.  Defendants'
deprivation of Plaintiff's pain medication caused Plaintiff severe pain and mental and emotional
distress.  *Id.*

Plaintiff requests that he be placed back on proper medication which worked for

Plaintiff's pain, or to have back surgery in the alternative. Plaintiff also requests compensatory damages.

### III. Analysis

The Court construes Plaintiff's claim as one for violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff has sufficiently alleged that he suffers a serious medical need, satisfying the objective prong. *Farmer*, 511 U.S. at 834. However, Plaintiff fails to allege sufficient facts which demonstrate that Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's claims from his first amended complaint indicate that Plaintiff does not allege that he received no medication, but rather that Defendant Chen was going to remove Plaintiff from his

"adequate" medication, and Defendant Akanno refused to provide Plaintiff with proper medication. However, if alternative medication is adequate and reasonable for the treatment of Plaintiff's pain, then Defendants did not act with deliberate indifference. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."); *Toguchi*, 391 F.3d at 1058 (a difference of opinion between physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need).

Plaintiff also complains of Defendants' failure to provide surgery, as other doctors had recommended. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.3d 240, 242 (9th Cir. 1989). Accordingly, Plaintiff fails to state a claim for deliberate indifference, in violation of the Eighth Amendment.

## IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

     3.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 19, 2013**             /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE